IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIOTRAS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | Civil No. _____ |
| | § | |
| *v.* | § | |
| | § | |
| CLEAR BALLISTICS, LLC AND | § | |
| JOEL EDWARDS, | § | |
| | § | |
| *Defendants.* | § | *Jury demanded* |

---

### BIOTRAS, LLC'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

---

Plaintiff BioTras, LLC ("BioTras") files this action seeking a declaratory judgment of inventorship and ownership for United States Patent No. 9,275,556 ("BioTras '556 Patent") and attorneys' fees. BioTras would respectfully show the Court as follows:

## I.
### PARTIES

1. Plaintiff BioTras, LLC, is a Texas limited liability corporation with its principal place of business in Addison, Texas.

2. Defendant Clear Ballistics, LLC ("Clear Ballistics") is an Arkansas limited liability company with its principal place of business in Fort Smith, Arkansas. Clear Ballistics does not maintain a registered agent in Texas. Clear Ballistics may be served by serving the Texas Secretary of State.

3. On information and belief, Defendant Joel Edwards ("Edwards") is an Arkansas resident. Edwards is the owner of Clear Ballistics. Edwards does not maintain a registered agent in Texas. Edwards may be served by serving the Texas Secretary of State.

---

## II.
### JURISDICTION AND VENUE

4.      This is an action for declaratory relief of patent inventorship and patent ownership that arises under United States Patent Laws (35 U.S.C. §§ 101, *et seq*.).  These claims arise under the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202.

5.      The Court has jurisdiction over this case under Title 35 of the United States Code and U.S.C. §§ 1331 and 1338(a). This Court has exclusive jurisdiction under 28 U.S.C. § 1338(a) because BioTras' right to relief depends on the resolution of a substantive question of federal patent law. BioTras seeks a declaratory judgment of inventorship and ownership under 35 U.S.C. § 256 for the BioTras '556 Patent, which is attached as **Exhibit "A."**

6.      BioTras is the assignee of the full rights, title, and interest in, to, and of the BioTras '556 Patent. As the assignee to the full interest of the BioTras '556 Patent, BioTras has standing to bring this suit.

7.      This Court has specific personal jurisdiction over Clear Ballistics and Edwards (collectively, "Defendants") as this dispute arises from Defendants' activities that occurred, in whole or in part, in Dallas, Texas. Specifically, the Defendants have clouded BioTras' title to the BioTras '556 Patent by, among other things, providing testimony of Defendants and statements made by Defendants' agents during proceedings in a Dallas state court lawsuit between the parties related to BioTras' invention ("Dallas State Court Lawsuit"). Defendants' title-clouding activities occurred in Texas, whether in person, by telephone, or by email. Examples of Defendants' in-state activities include their multiple visits to BioTras in Texas

regarding BioTras' invention,[1] Defendants' filing a counterclaim in the Dallas State Court Lawsuit (itself an availing of the benefits of doing business in Texas) and providing live testimony in the Dallas State Court Lawsuit in support of Defendants' application for temporary injunctive relief in that suit, multiple telephone conversations between Defendants and BioTras regarding BioTras' invention (which took place, at least on BioTras' end, in Texas), and multiple emails sent by Defendants to BioTras (which were received by BioTras in Texas).

8.      This Court also has general jurisdiction over Defendants because each of the Defendants regularly and routinely directs economic activities toward and in Texas. Upon information and belief, Defendants engage in business ventures and activities that target persons and entities in Texas, such as attending gun shows in Texas where Defendants attempt to sell their products.

9.      Edwards has also submitted himself to the personal jurisdiction of the Texas state courts by traveling to Dallas to testify in person in the Dallas State Court Lawsuit.

10.      Venue in this Court is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to BioTras' claims occurred in this judicial district (including acts of inventorship of the BioTras '556 Patent by the listed inventors and Defendants' clouding title to the BioTras '556 Patent), and BioTras resides within this District and Division.

### III.
### PATENT-IN-SUIT AND RELATED PATENT APPLICATIONS

11.      The BioTras '556 Patent was issued by the United States Patent and

---

[1] In an affidavit filed in the Dallas State Court Lawsuit on behalf of Clear Ballistics, Edwards swore that he met Dr. East and Dr. Knutson (owners of BioTras) on January 19, 2013 and on June 29, 2013 in Addison, Texas.

Trademark Office ("USPTO") on March 1, 2016.  The BioTras '556 Patent is entitled "Spinal Injection Trainer And Method Therefor."

12.    The BioTras '556 Patent has 21 claims.  Each of Claims 1-21 of the BioTras '556 Patent are directed to a model for anatomic training and injection practice.

13.    As set forth in the Abstract of the '556 Patent:

> For use in training needle techniques such as spinal anesthesia and or lumbar epidural steroid injections, a spinal model includes a complete natural bone vertebral column that is embedded in a matrix of crystal clear ballistic gel. The synthetic gel does not harbor bacteria, can be reused and does not require refrigeration. Natural bone offers significantly better image contrast over radiopaque replicas. A transparent synthetic gel matrix permits observation of needle progression by both the trainee and the trainer and provides unique opportunities for coaching and intercession to prevent poor needle placement prior to its occurrence.

14.    The BioTras '556 Patent issued from United States Patent Application Serial No. 14/715,335, which was filed at the USPTO on May 18, 2015.  The BioTras '556 Patent Application is related to, and claims the benefits of, two BioTras earlier-filed patent applications, namely:

(a)    United States Patent Application Serial No. 61/847,564, filed July 18, 2013 ("BioTras Provisional Patent Application"), and

(b)    United States Patent Application Serial No. 14/325,391, filed July 8, 2014 ("BioTras '391 Application"),[2] which also claimed the benefit of the BioTras Provisional Patent Application.

15.    The BioTras '556 Patent is also related to United States Patent Application Serial No. 14/818,137, filed August 4, 2015 ("BioTras '137 Application"), which application similarly is related to, and claims the benefits of, the BioTras Provisional Patent Application

---

[2] The USPTO has issued a notification that the BioTras '391 Application will issue as United States Patent No. 9,280,915 on March 8, 2016.

and the BioTras '391 Application.

16.     The BioTras '556 Patent is also related to United States Patent Application Serial No.15/056,737 ("BioTras '737 Application"), which is a continuation of the '556 Patent and claims the benefits of, the BioTras Provisional Patent Application, the BioTras '391 Application, and the BioTras '556 Patent.

17.     The BioTras Provisional Application, the BioTras '391 Application, the BioTras '137 Application, and the BioTras '737 Application are collectively referred to herein as the "Related BioTras Applications."

18.     BioTras is the owner and assignee of the full rights, title, and interest in the BioTras '556 Patent.

19.     Johnny East ("Dr. East"), Brandon Knutson ("Dr. Knutson"), and Dr. East's father, Edwin East, Jr.  ("Edwin East"), are the listed inventors of the BioTras '556 Patent, the BioTras '391 Application, and the BioTras '137 Application (collectively, "Named Inventors").

20.     The Named Inventors assigned their right, title, and interest to the BioTras '556 Patent to BioTras, which assignment was recorded at the USPTO at Reel 35725/Frame 0938 on May 27, 2015.

## IV.
### FACTS

21.     BioTras is a Texas company that created a product called the AsTris 1.0. The purpose of the AsTris 1.0 is to let physicians practice and perfect techniques for spinal (and other) injections in humans without using human cadavers. There are limits to how many times a human cadaver can be injected before its resemblance to injecting live patients diminishes. Unlike human cadavers, the AsTris 1.0 does not have this limitation and can be

injected many more times than cadavers and can be reused by physicians for future practice. The AsTris 1.0 is the most realistic alternative to human cadavers available.

22.     The AsTris 1.0 is made from a clear lifelike thermally fusable gel that allows the physician to observe the needle movement and spinal injection point. It is also made with a real reconstructed human vertebra, ribs, and other bones or a radiopaque synthetic equivalent that is fully viewable under a fluoroscope/X-ray, which helps the physician with respect to needle placement proximate the desired area of the spine or human body.

23.     BioTras was formed in July 2013 by Dr. East, a doctor of osteopathic medicine in Addison, Texas and Dr. Knutson, a chiropractor in Addison, Texas.  Dr. East and Dr. Knutson are the owners of BioTras.

24.     The Named Inventors conceived the inventions set forth and claimed in the BioTras '556 Patent and the Related BioTras Applications.

25.     Clear Ballistics is a company that supplies a gelatin used in terminal ballistics applications. In or around December 2012, BioTras, in their search for a supplier of ballistic gel, initiated discussions with Edwards to utilize the ballistic gel supplied by Clear Ballistics in a prototype of BioTras' invention.

26.     BioTras engaged, employed, and paid Clear Ballistics as a vendor, to, among other things, assist BioTras in the reduction to practice of the Named Inventors' conceived inventions of the BioTras '556 Patent and the BioTras Related Applications.

27.     Sometime around July 2013, BioTras informed Defendants that they were filing a patent application at the USPTO to cover the BioTras invention invented by the Named Inventors. Defendants were aware of the filing of the BioTras Provisional Application in July 2013, and did not indicate in any manner that they considered Edwards or any other personnel of Clear Ballistics to be an inventor of such inventions.

28.     Since July 2013, Defendants have known that they were not listed or identified as an inventor in any patent application filed at the USPTO on the invention (*i.e.,* the BioTras '556 Patent and the BioTras Related Applications). Not until around two years later (and after a dispute arose between the parties) did Defendants assert to BioTras or the Named Inventors that Edwards and/or any of the Clear Ballistics personnel were inventors of such inventions.

29.     Since July 2013, Defendants have known that they were not assigned any patent application at the USPTO to cover the BioTras invention (*i.e.,* the BioTras '556 Patent and the BioTras Related Applications). Not until around two years later (and after a dispute arose between the parties) did Defendants assert to BioTras or the Named Inventors that these patents/patent applications were owned by Defendants.

30.     In April 2015, BioTras ended its vendor association with Clear Ballistics.

31.     On or around May 29, 2015, BioTras brought the Dallas State Court Lawsuit, namely in a case styled *BioTras, LLC v. Clear Ballistics, LLC*, Cause No. DC-15-05953, in the 95th Judicial District Court of Dallas County, Texas.

32.     BioTras' causes of action in the Dallas State Court Lawsuit were for breach of common law covenant not to use or disclose trade secret and confidential information, breach of fiduciary duty, conversion, and misappropriation of trade secrets.

33.     At least some of such confidential information and trade secrets of BioTras were contained within the BioTras '556 Patent and BioTras Related Applications. At that time, such confidential information and trade secrets were being confidentially maintained at, and purposefully kept from publication by, the

USPTO.

34.     In its petition in the Dallas State Court Lawsuit, BioTras also sought a temporary restraining order and injunction.  A temporary restraining order enjoining Clear Ballistics from using or disclosing BioTras' confidential information, trade secrets, and confidential proprietary business methods was granted by the Dallas state court.

35.     On June 22, 2015, Clear Ballistics filed its answer in the Dallas State Court Lawsuit.

36.     On August 6, 2015, Clear Ballistics filed a counterclaim in the Dallas State Court Lawsuit against BioTras, Dr. East, and Dr. Knutson. Clear Ballistics' causes of action in the Dallas State Court Lawsuit were for breach of contract (against Dr. East and Dr. Knutson), conversion, and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act.

37.     In its counterclaim in the Dallas State Court Lawsuit, Clear Ballistics also sought a temporary injunction to keep BioTras from publicly disclosing Clear Ballistics' alleged trade secrets.

38.     It was not until the dispute arose between BioTras and Defendants that Defendants and their agents began to express their position to BioTras that Edwards (and possibly other personnel of Clear Ballistics) were the inventors of BioTras' then pending patent applications (*i.e.*, the BioTras '556 Patent and the Related Patent Applications). Defendants and their agents also began to express their position to that, based upon such inventorship, such patents/patents applications were owned by Clear Ballistics—not BioTras.

39.     On September 22-23, 2015, the Dallas state court held a temporary injunction

hearing with respect to the parties' respective applications for temporary injunction ("Temporary Injunction Hearing")

40.     During the Temporary Injunction Hearing, and without having reviewed the BioTras '556 Patent or any of the BioTras Related Applications, Edwards testified in open court that he should be named as an inventor on any BioTras patent that issued from BioTras patent applications (*i.e.*, the BioTras '556 Patent and the BioTras Related Applications).

41.     For instance, Edwards testified (in response to his counsel's questions):

> Q.     If they [BioTras] are granted a patent, do you think that you should be an inventor on the patent.
>
> A.     Yes.
>
> Q.     And why is that?
>
> A.     Well bone in gel, I mean, it's nothing novel.  We [Clear Ballistic] did all the work.  I mean, we've done it from the start.   We've figured everything out from the getgo. . . .[3]

42.     Edwards also testified (again in response to his counsel's questions):

> Q.     So let me ask you.  What did you perceive your role was by the time you had the question around July 1st of 2013?
>
> A.     We [Clear Ballistic] were the inventor at this point, the design, the invention, the whole nine yards of it, we had done everything.     They [the Named Inventors] came to us with an idea. And the way I think of an idea is, you know, if you have a pen, and you want to make a new pen, and you tell a friend about it, and he runs out and makes that pen, he is the one that engineered that pen, he is the one who figured out how to make it click three times, if that was part of your idea, but he done all of the work, he is the one that fabricated it all.  He done all of the leg work, secured the ink, the plastic, the whole nine yards.

---

[3] Temp. Inj. Hrg. Tr. Vol. 1, 133:4-10, *BioTras, LLC v. Clear Ballistics, LLC*, Cause No. DC-15-05953, in the 95th Judicial District Court of Dallas County, Texas.

> And that's what we were doing was, we were doing everything. They asked for drawings, we done the drawings. Whenever they asked for any type of technical information, we had to provide that. From using the silicone to fuse the spine together, to cleaning the spine, to getting the curvature back. We did it all.[4]

43.    As of the date of the filing of the Complaint, the parties' respective applications for temporary injunctions are pending before the Dallas State Court.

44.    Defendants' agents have argued and asserted in the Dallas State Court Lawsuit that Defendants were the inventors and are the owners of any BioTras patent that issued to BioTras that claim the inventions in the BioTras Provisional Patent Application and the applications that related thereto (*i.e.*, the BioTras '556 Patent and the BioTras Related Applications).

45.    By these and other statements made by Defendants and their agents, Defendants claimed that Edwards was an inventor (and, upon information and belief, possibly other Clear Ballistics personnel were allegedly the inventors) of any and all inventions claimed in the BioTras '556 Patent and the BioTras Related Applications.

46.    By these and other statements by Defendants and its agents, Defendants claimed that they are the owners of the BioTras '556 Patent and the BioTras Related Applications because they were allegedly the inventors of the inventions in the BioTras '556 Patent and the BioTras Related Applications.

47.    By these and other statements by Defendants and its agents, Defendants claimed that BioTras (or any related BioTras entity) is not the owner of the BioTras '556 Patent and the BioTras Related Applications because the Named Inventors are allegedly not the inventors of the inventions in the BioTras '556 Patent and the BioTras Related

---

[4] *Id.* at Vol. 3, 28:3-24.

Applications.

48.     BioTras disputes Defendants' assertions that Defendants are inventors and owners of the inventions claimed in the '556 Patent and the BioTras Related Applications. Neither Edwards nor anyone else at Clear Ballistics are inventors of any claim of the BioTras '556 Patent or of any claim of the BioTras Related Applications.

49.     BioTras further disputes Defendants' assertions that the Named Inventors are not the inventors of the BioTras '556 Patent or of any claim of the BioTras Related Applications.

50.     The only inventors of the claimed inventions of the BioTras '556 Patent and the BioTras Related Applications are the Named Inventors.

51.     BioTras further disputes Defendants' assertions that BioTras is not the owner of the BioTras '556 Patent.

52.     The only owner of the BioTras '556 Patent.

## V.
### CAUSES OF ACTION

### Count One – Declaratory Judgment of Inventorship and Ownership
### of the BioTras '556 Patent

53.     BioTras incorporates all preceding paragraphs by reference and realleges them as if set forth in full.

54.     A case and controversy exists between BioTras and Defendants concerning the inventorship and ownership of the BioTras '556 Patent.

55.     While Defendants contend otherwise, BioTras is the true owner and assignee of the full rights, title, and interest of the BioTras '556 Patent.

56.     While Defendants contend otherwise, the BioTras '556 Patent lists the true and correct inventors of its claimed subject matter, namely: Dr. East, Dr. Knutson, and

---

Edwin East.

57.     By law, Dr. East, Dr. Knutson, and Edwin East are presumed to be the inventors of the BioTras '556 Patent.

58.     Neither Edwards nor anyone else at Clear Ballistics are inventors of the BioTras '556 Patent as set forth by the United States Patent Laws.

59.     The '556 Patent was granted on March 1, 2016 and includes 21 claims.

60.     Neither Edwards nor anyone else at Clear Ballistics contributed to the conception of the subject matter of any claim of the '556 Patent.   Neither Edwards nor anyone else at Clear Ballistics contributed to the claimed invention of the '556 Patent.   At best, they merely assisted in reducing to practice the Named Inventors' conceived invention and merely explained to the Named Inventors well-known concepts and the current state of the art.

61.     BioTras is entitled to a declaratory judgment that the Named Inventors are the only inventors of the claims of the BioTras '556 Patent and that Defendants and their personnel are not inventors of any claim of the BioTras '556 Patent.

62.     Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, BioTras requests a declaration that the Named Inventors are the only inventors of the claims of the BioTras '556 Patent and that Defendants and its personnel are not inventors of any claims of the BioTras '556 Patent.

63.     BioTras is entitled to a declaratory judgment that the BioTras '566 Patent is owned only by BioTras and is not owned by Defendants.

64.     Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, BioTras requests a declaration that only BioTras owns the BioTras '556 Patent and Defendants do not own the BioTras '556 Patent.

## VI.
### CONDITIONS PRECEDENT

65.     BioTras incorporates all preceding paragraphs by reference and realleges them as if set forth in full.

## VII.
### EXCEPTIONAL CASE

66.     BioTras incorporates all preceding paragraphs by reference and realleges them as if set forth in full.

67.     This is an exceptional case entitling BioTras to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

68.     It was necessary for BioTras to retain and employ legal counsel to clear title to its property as set forth in this legal action. BioTras requests the recovery of its reasonable attorneys' fees. BioTras reserves the right to plead for compensatory and exemplary damages, if, during discovery or during the pendency of this action, Defendants causes injury, loss or damage to BioTras or its property.

## VIII.
### JURY DEMANDED

69.     BioTras hereby demands a trial by jury on all issues so triable.

## IX.
### REQUEST FOR RELIEF

BioTras respectfully requests the following relief:

a.     A declaration that Defendants (including Edwards and Clear Ballistics personnel) are not inventors of the BioTras '556 Patent under the laws of the United States;

b.     A declaration that Defendants have no ownership interest in and to the BioTras '556 Patent;

c.     An order granting BioTras' reasonable attorneys' fees under 35 U.S.C. § 285;

    *d.*      Such other and further relief, whether general or special, at law or in equity, to which BioTras may be justly entitled.

Dated:  March 1, 2016                  Respectfully submitted,

                                        */s/ Joseph F. Coniglio*
                                        Joseph F. Coniglio
                                        State Bar No. 24001914
                                        *coniglioj@gtlaw.com*
                                        Nicholas A.F. Sarokhanian
                                        State Bar No. 24075020
                                        *sarokhaniann@gtlaw.com*
                                        **GREENBERG TRAURIG, LLP**
                                        2200 Ross Avenue, Suite 5200
                                        Dallas, Texas 75201
                                        (214) 665-3600
                                        (214) 665-3601 (*facsimile*)

                                        Ross Spencer Garsson
                                        State Bar No. 00784112
                                        *garssonr@gtlaw.com*
                                        300 West 6th Street, Suite 2050
                                        Austin, Texas 78701
                                        (512) 320-7200
                                        (512) 320-7210 (*facsimile*)

                                        **Attorneys for BioTras, LLC**